UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CECILIA MORADO | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO: 5:21-CV-22-975 |
| | § | |
| WELLS FARGO BANK, N.A. | § | |
| and DIEBOLD NIXDORF INC. | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes CECILIA MORADO, hereinafter at times referred to as Plaintiff, complaining of and about WELLS FARGO BANK, N.A. and DIEBOLD NIXDORF INC. hereinafter called Defendants, and for cause of action would show the following:

### I.  JURISDICTION & VENUE

1.1    This Court has jurisdiction over this suit pursuant to 28 U.S.C., §1332(a)(1) because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

1.2    Venue is proper in this Court pursuant to 28 U.S.C., §1391(a) (2), as a substantial part of the events or omissions giving rise to this claim occurred in Bexar County, Texas, a county encompassed within the Western District of Texas. *See also* 28 U.S.C. §124; 1441.

### II.  PARTIES

2.1    CECILIA MORADO is a resident of San Antonio, Bexar County, Texas.

2.2    Defendant, WELLS FARGO BANK, N.A. is a foreign corporation doing business in Texas and may be served with notice of the lawsuit by and through its registered agent, Corporation Service

Company d/b/a CSC at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. Citation for service of process is requested at this time.

2.3    Defendant, DIEBOLD NIXDORF INC., is a foreign corporation doing business in Texas and may be served with notice of the lawsuit by and through its registered agent Corporation Service Company, d/b/a CSC at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. Citation for service of process is requested at this time.

### III.   NATURE OF THE ACTION

3.1    This is a negligence and premise liability case resulting from the negligent acts and omissions of WELLS FARGO BANK, N.A. AND/OR DIEBOLD NIXDORF INC.

### IV.   FACTS

4.1    On or about September 16, 2020, Plaintiff was a business invitee at Defendant's Wells Fargo Bank, located at 3570 SW Military Drive, San Antonio, Texas. At that time, Plaintiff was conducting a banking transaction by way of the drive thru pneumatic tube system. The transaction drawer being utilized by Plaintiff was installed and maintained by Defendant **DIEBOLD NIXDORF INC.** Said transaction drawer was defective and malfunctioning. Defendant **WELLS FARGO BANK, N.A.** had actual knowledge that the drawer was defective and malfunctioning. No warning or notice was posted regarding the defective and malfunctioning drawer. As Plaintiff attempted to use the drawer, she was injured by the drawer closing on her hand and wrist. As a direct and proximate result of the defective and malfunctioning drawer, Plaintiff suffered severe and permanent personal injuries for which she now sues.

### V.   CLAIMS: NEGLIGENCE AND/OR PREMISE LIABILITY

5.1    Plaintiff alleges that the Defendants, its agents, servants, and/or employees, who were acting in the course and scope of their employment, were guilty of negligence toward the Plaintiff in the following respects:

1. In failing to maintain a reasonably safe premises of which it had control;
2. In failing to correct a dangerous condition that they created, knew existed or in the exercise of reasonable diligence should have discovered;
3. In failing to protect or warn an invitee against known dangerous conditions or conditions that in the exercise of reasonable diligence should have been discovered; and
4. Engaging in a negligent activity that proximately caused Plaintiff's injuries and damages.

Plaintiff alleges that the aforementioned acts and/or omissions on the part of the Defendants, its agents, servants, and/or employees, constitute negligence that was the direct/proximate cause of the injuries and damages sustained by Plaintiff.

## VI. ACTUAL DAMAGES

6.1   Plaintiff would show that as a direct result of the negligence of the Defendants, their officers, agents, employees, and servants, Plaintiff was caused to suffer serious and permanent personal injury to his leg, hand and body generally.

6.2   As a direct and proximate result of the injury and the aforesaid negligence of Defendants, Plaintiff has incurred the following damages:

1. Reasonable and necessary medical expenses in the past;
2. Reasonable and necessary medical expenses which, in all reasonable probability, will be incurred in the future;
3. Physical pain suffered in the past;
4. Physical pain which, in all reasonable probability, will be suffered in the future;
5. Mental anguish suffered in the past;
6. Mental anguish which, in all reasonable probability, will be suffered in the future;
7. Physical impairment in the past;
8. Physical impairment which, in all reasonable probability, will be suffered in the future;
9. Loss of wage earning capacity and lost wages in the past;
10. Loss of wage earning capacity and wages in the future;

11. Physical disfigurement in the past; and

12. Physical disfigurement which, in all reasonable probability, will be suffered in the future.

## VII. JURY DEMAND & PRAYER

7.1 Plaintiff requests a trial by jury.

7.2 **WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, cost of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

RAUL B. RODRIGUEZ LAW, P.C.
111 Arciniega Street
San Antonio, Texas 78205
(210) 899-0300; Telephone
(210) 899-0500; Facsimile

BY: /s/ Raul B. Rodriguez
RAUL B. RODRIGUEZ
State Bar No. 24049475
raul@rodriguezlawtx.com
ATTORNEY FOR PLAINTIFF
CECILIA MORADO